FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

APR 30 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

DAVID PENNY,

        Petitioner,

  v.

DERRAL ADAMS, Warden,

        Respondent.

No. CV 07-5708-JSL (AGR)

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pursuant 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the Petition, the Magistrate Judge's Report and Recommendation, the Objections to the Report and Recommendation, and all records in the file.  Having made a de novo determination, the Court agrees with the recommendation of the Magistrate Judge.  Even assuming Petitioner's argument that he is entitled to equitable tolling until January 10, 2006 – the date of the Supreme Court's decision in Evans v. Chavis, 546 U.S. 189, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006) – the federal habeas Petition was not signed and mailed until August 27, 2007, more than 1 1/2 years after equitable tolling ceased.

///

///

///

1        IT IS ORDERED that Judgment be entered denying the Petition and dismissed

2   this action with prejudice.

3

4   DATED:   April 29, 2008

5                                        J. SPENCER LETTS
                                         UNITED STATES DISTRICT JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
10
11   DAVID PENNY,                      )   NO. CV 07-5708-JSL (AGR)
12              Petitioner,            )
13        v.                           )
                                       )   REPORT AND RECOMMENDATION
14   DERRAL ADAMS, Warden,             )   OF UNITED STATES MAGISTRATE
                                       )   JUDGE
15              Respondent.            )
16                                     )
17   _____)

18        The Court submits this Report and Recommendation to the Honorable J.

19   Spencer Letts, United States District Judge, pursuant to 28 U.S.C. § 636 and

20   General Order No. 05-07 of the United States District Court for the Central District

21   of California.  For the reasons set forth below, the Magistrate Judge recommends

22   the Petition for  Writ of Habeas Corpus be denied.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

I.

## SUMMARY OF PROCEEDINGS

On June 15, 2001, a Los Angeles County Superior Court convicted Petitioner of attempted murder, robbery, and found true various enhancements. (Petition at 2; Motion to Dismiss ("MTD") at 1.)  On August 2, 2002, Petitioner was sentenced to 25 years to life, plus another 25 years. (*Id.*)  On December 4, 2003, the California Court of Appeal affirmed the conviction. (Lodged Document ("LD") 3.)  On February 18, 2004, the California Supreme Court denied review without explanation. (LD 5.)

On November 9, 2004, Petitioner filed a petition for writ of habeas corpus in the Los Angeles Superior Court,[1] which was denied on the same day in a written decision. (LD 6, 7.)  On December 7, 2004, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal,[2] which was denied on December 15, 2004, without explanation. (LD 8, 9.)  On July 11, 2006, Petitioner filed a second petition for writ of habeas corpus in the Court of Appeal,[3] which was denied on July 20, 2006, without explanation. (LD 10, 11.)  On December 14, 2006,[4] Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which was denied on June 13, 2007, without explanation. (LD 12, 13.)

On August 31, 2007, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody in this Court.  On November 29, 2007, Respondent filed a motion to dismiss asserting that the petition was time-barred and that it

---

[1]  The petition is dated August 18, 2004. (LD 6 at 12.)  The verification at the back indicates it was also mailed on August 18, 2004.

[2]  The petition is dated November 17, 2004. (LD 8 at 6.)  The verification at the back indicates it was mailed on November 24, 2004.

[3]  The petition is dated July 7, 2006. (LD 10 at 6.)

[4]  The petition is dated November 13, 2006. (LD 12 at 6.)

was mixed because the fifth ground was unexhausted.[5]  On February 28, 2008,
Petitioner filed an opposition.  On March 13, 2008, Respondent filed a reply.

There was this matter was taken under submission and is now ready for decision.

## II.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 provides for a
one-year statute of limitations for filing a habeas petition in federal court.  28
U.S.C. § 2244(d).  Generally, the limitations period begins on the date a
petitioner's conviction becomes final.  28 U.S.C. § 2244(d)(1).  The parties do not
dispute that Petitioner's conviction became final on May 18, 2004, ninety days
after the California Supreme Court denied review.  (Opposition at 2; MTD at 3.)
Therefore, absent tolling, the statute of limitations expired on May 18, 2005.  (*Id.*)

### A.   Statutory Tolling Under 28 U.S.C. § 2244(d)(2)

The statute of limitations is tolled during the time "a properly filed
application for State post-conviction or other collateral review with respect to the
pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

There was no tolling from the time Petitioner's conviction became final on
May 18, 2004, and the constructive filing of the first state habeas petition on
August 18, 2004[6] (92 days), because no case was "pending" during that interval.
*See Thorson v. Palmer,* 479 F.3d 643, 646 (9th Cir. 2007).

A petitioner is normally entitled to "one full round" of collateral review in the
state court free of federal interference.  *Carey v. Saffold*, 536 U.S. 214, 222, 122
S. Ct. 2134, 153 L. Ed. 2d 260 (2002).  The Ninth Circuit interpreted "one full
round" in California to mean consecutive petitions in the Superior Court, Court of

---

[5] Because the Court finds the petition is time-barred, it need not consider the exhaustion issue.

[6] Respondent assumed that Petitioner in fact "delivered" the state habeas petition on August 18, 2004, and that Petitioner is entitled to the benefit of the mailbox rule.  (MTD at 4 n.2.)

Appeal, and California Supreme Court. *See Welch v. Carey*, 350 F.3d 1079, 1083 (9th Cir. 2003) (internal quotation marks omitted), *cert. denied*, 541 U.S. 1078 (2004).

*Evans v. Chavis*, 546 U.S. 189, 193, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006) held that "[a]s long as the prisoner filed a petition for appellate review within a 'reasonable time,' he could count as 'pending' (and add to the 1-year time limit) the days between (1) the time the lower state court reached an adverse decision, and (2) the day he filed a petition in the higher state court." (citation omitted). *Evans* held that a six-month delay was not reasonable. *Id.* at 201.

Here, the gap between the denial of the first Court of Appeal petition on December 15, 2004 (LD 9) and the filing of the petition in the California Supreme Court signed on November 13, 2006, was 698 days, or almost two years. Based on *Evans* and the other cases already cited, such a gap is unreasonable. Therefore, Petitioner's petition was not "pending" and did not toll the limitations period.

Accordingly, even assuming that the period from August 18, 2004 (Superior Court habeas petition), until December 15, 2004 (first Court of Appeal denial) was tolled, the limitations period expired on September 14, 2005.[7] The subsequent state habeas petition before the California Court of Appeal did not toll or revive the limitations period.[8] *See Welch*, 350 F.3d at 1081-84 (state habeas petition

---

[7] Petitioner had 273 days remaining in the limitations period after December 15, 2004 (365 - 92 (the number of days between the finality of his conviction and his first state habeas petition)).

[8] When a petitioner files separate rounds of habeas petitions in the Court of Appeal on different grounds, the "gap" between the two rounds ordinarily is not entitled to "gap" tolling. *See Welch*, 350 F.3d at 1083. Here, in Petitioner's first petition before the Court of Appeal, he raised four grounds. (LD 8.) In his second petition filed in the Court of Appeal, he raised two grounds that were the same as two of the grounds in his first petition. (LD 10.) In his subsequent petition before the California Supreme Court, he raised the same four grounds he raised in his first petition before the Court of Appeal. (LD 12.) Thus, because Petitioner did not raise different grounds, he did not begin a new round. Even if the second petition before the Court of Appeal constituted a new round, Petitioner would not

4

filed after the limitations period expired did not toll or revive the expired limitations period).

Accordingly, absent equitable tolling, the petition remains time-barred.

## B. Equitable Tolling

The Supreme Court has not yet decided whether 28 U.S.C. § 2244(d) allows for equitable tolling. *Lawrence v. Florida*, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 699 (2005) (citation omitted). "The prisoner must show that the extraordinary circumstances were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citation and internal quotation marks omitted). "Equitable tolling is justified in few cases, though. Indeed, the threshold necessary to trigger equitable tolling . . . is very high, lest the exceptions swallow the rule." *Id.* (citation and internal quotation marks omitted).

Petitioner argues he is entitled to equitable tolling because Ninth Circuit precedent at the time of his state filings was later overruled. (Opposition at 5.) However, the allegedly overruled issue relates to the timeliness of Petitioner's habeas petition before the Superior Court, which does not form the basis for the Court's ruling. *Carey* and *Welch* were both decided before Petitioner began filing his state habeas petitions. No precedent on the issue of gap tolling was overruled. Moreover, Petitioner failed to diligently pursue his rights. He sat on his rights for more than a year and a half from December 15, 2004 (the denial of

---

be entitled to statutory tolling because the gap between the two rounds was unreasonably long, over a year and a half. *See Gaston v. Palmer*, 447 F.3d 1165, 1167 (9th Cir. 2006) (gaps of 15 months, 18 months and 10 months between rounds of state habeas petitions are unreasonable), *cert. denied*, 127 S. Ct. 979 (2007).

his first petition in the Court of Appeal), to July 7, 2006, before filing his second petition in the Court of Appeal.  And, even then, he raised two of the same grounds he raised in his first petition.

Accordingly, Petitioner is not entitled to equitable tolling.

## III.

## **RECOMMENDATION**

For the reasons discussed above, it is recommended that the District Court issue an Order (1) adopting this Report and Recommendation; and (2) directing that judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: April 1, 2008

ALICIA G. ROSENBERG
United States Magistrate Judge